IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

LAITH WALEED ALEBBINI,

    Defendant.

: Case No. 3:17cr71

: JUDGE WALTER H. RICE

---

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION TO REVOKE DETENTION ORDER, WITHOUT PREJUDICE TO RENEWAL UPON AN EVENT CERTAIN; REASONING SET FORTH; CONCERN OF THE COURT

---

Defendant is charged in a one count Indictment with a single violation of 18 U.S.C. §2339(B)(a)(1), alleging an attempt to provide material support to a foreign terrorist organization. This statutory section carries a maximum sentence of twenty years imprisonment.

18 United States Code §3142, the "detention statute," sets forth a presumption of detention for individuals indicted for violating a terrorism-related offense that carries a potential sentence of more than ten years. There is a presumption in favor of detention, when a judicial officer finds that there is probable cause to believe that a Defendant attempted to provide material support to a designated foreign terrorist organization. Pursuant to 18 United States Code §3142(e)(3), subject to rebuttal by the Defendant, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any person or the community. Moreover, a Grand Jury Indictment, by itself,

establishes probable cause to believe that a Defendant committed the crime with which he is charged. Accordingly, when the Government presents the Court with an Indictment including a charge such as has been brought against this Defendant, the Government has fulfilled its burden to establish the presumption in favor of detention.

In addition to the Indictment establishing probable cause to believe that the Defendant committed the crime with which he is charged, this Court has reviewed the Complaint and the twenty page Affidavit appended thereto, and concludes, without reservation, that, regardless of the ultimate guilt or innocence of this Defendant of the crime charged against him in the Indictment, the Complaint and attached Affidavit do, indeed, constitute probable cause and, therefore, additionally create the presumption of detainability.

The Defendant has simply not rebutted this presumption at this time. His counsel's claim that Defendant's interest in associating with the Islamic State is separate and distinct and in no way related to his alleged desire to join ISUS in Syria to fight against the Syrian regime is belied, at least to this point, by portions of the cited consensual telephone calls of which Defendant was a part. Accordingly, this Court concludes that Defendant has failed to rebut the presumption that there exists no condition or combination of conditions such as would guarantee the appearance of the Defendant when required and/or the safety of any other person and the community.

The overruling of Defendant's Motion is without prejudice to renewal, on or after February 8, 2018, once the Government has filed documents expected in mid-January, and Defendant has had the opportunity to respond thereto by the close of business on January 31, 2018.

One item troubles the Court --- Defendant states, Doc. #20 at 4, as follows:

> "The voluminous discovery in this case is comprised mainly of electronic media on discs [presumably in the Arabic language] which require the use

of a computer. [Defendant] has no access to a computer to review his discovery in the Montgomery County Jail and it is impractical for counsel to take a computer to the jail for any meaningful review of the discovery. If released, [Defendant] could be allowed the use of a computer without internet access to assist in his defense. He could also come to counsel's office to review the discovery if approved by Pretrial Services."

As will be discussed in a follow-up telephone conference between Court and counsel, the Court is open to pragmatic solutions, perhaps falling short of ultimate relief from the detention order, to accommodate the need of this Defendant to aid and assist his counsel in the preparation of his defense.

January 5, 2018

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of record