IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:17-CR-00071 (WHR) |
| v. | |
| LAITH WALEED ALEBBINI | |

The United States of America moved *ex parte, in camera*, and under seal, pursuant to Section 4 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III § 4, and Fed. R. Crim. P. 16(d)(1), for authorization to produce government-proposed substitutions in lieu of the underlying classified information identified in the government's motion. The government explained the government-proposed substitutions place the defense in substantially the same position as if the defense had access to the underlying classified information at issue. The government also explained that disclosure of the underlying information reasonably could be expected to cause serious harm to national security.

In order to be fully informed in making its decision on the government's motion, the Court allowed counsel for the defendant to submit to the Court *ex parte, in camera*, and under seal its theory of defense. The Court reviewed the government's filing and attachments *ex parte, in camera*, and under seal, and the Court reviewed the defense's filing and attachments *ex parte, in camera*, and under seal. Having done so, and for the reasons set out in this Order, the Court hereby **GRANTS** the government's motion and approves the government-proposed substitutions

as placing the defense in substantially the same position as if the defense had access to the underlying classified information at issue.

In order to determine whether the government must disclose classified information, federal courts have adopted the balancing test set forth in *United States v. Roviaro*, 353 U.S. 53, 62 (1957), concerning the government's privilege to protect the identity of confidential informants. The seminal case on matters relating to CIPA Section 4 and the government's classified-information privilege is *United States v. Yunis*, 867 F.2d 671, 623 (D.C. Cir. 1989). The Sixth Circuit adopted the *Yunis* and the *Roviaro* analysis in adjudicating CIPA matters, including issues relating to discovery of classified information. *United States v. Amawi*, 695 F.3d 457, 475 (6th Cir 2012) (stating "we now apply the *Yunis* 'relevant and helpful' standard."); *United States v. Hanna*, 661 F.3d 271, 295 (6th Cir. 2011) (explicitly following *Yunis*).

In *Yunis*, the Court found "classified information is not discoverable on a mere showing of theoretical relevance in the face of the government's classified information privilege . . . ." *Yunis*, 867 F.2d at 621. "[T]he threshold for discovery in this context further requires that a defendant seeking classified information, like a defendant seeking the informant's identity in *Roviaro*, is entitled only to information that is at least 'helpful to the defense of [the] accused.'" *Yunis*, 867 F.2d at 623 (quoting *Roviaro*, 353 U.S. at 60-61).[1] *Yunis* also found the government

---

[1] *United States v. Roviaro* concerns the confidential-informant privilege. 353 U.S. 53, 62 (1957). In *Roviaro*, the United States Supreme Court considered the application of the informant's privilege to the general discovery rules. *Roviaro*, 353 U.S. at 59-61. The Supreme Court explained the privilege implicates two fundamental competing interests: (1) the interest of the defendant in mounting a defense and (2) the public interest in enabling the government to protect its sources. *Roviaro*, 353 U.S. at 62. The Supreme Court relied on two basic principles to resolve the competing interests. First, it found the defendant's interest was triggered only when information in the government's possession was "relevant and helpful." *Roviaro*, 353 U.S. at 60. Second, when the evidence is deemed relevant and helpful, the

2

had an interest in protecting not only the contents of the conversations, but also the sources and methods used to collect them. *Yunis*, 867 F.2d at 623. The Court recognized much of the government's national-security interest in the recorded conversations "lies not so much in the contents of the [Rule 16] conversations, as in the time, place, and nature of the government's ability to intercept the conversations at all." *Yunis*, 867 F.2d at 623. The Court explained:

> Things that did not make sense to the District Judge would make all too much sense to a foreign counter-intelligence specialist who could learn much about this nation's intelligence-gathering capabilities from what [the documents withheld from discovery] revealed about sources and methods. Implicit in the whole concept of an informant-type privilege is the necessity that information-gathering agencies protect from compromise "intelligence sources and methods."

*Yunis*, 867 F.2d at 623.

The relevant-and-helpful standard established by *Yunis* and adopted by the Sixth Circuit in *Amawi* involves a three-step analysis. First, the information must be relevant. Second, the court must determine whether the government asserted a colorable claim of privilege over the information. The government often satisfies its burden to assert a colorable claim of privilege through an affidavit, or declaration, as it did here. Third, the court must find the information to be *actually* relevant and helpful to the defense because "classified information is not discoverable on a mere showing of theoretical relevance." *Yunis*, 867 F.2d at 621.

In reviewing the parties' filings, and the underlying information at issue, the Court agrees that the government will meet its discovery obligations with regard to the underlying classified information at issue by producing the government-proposed substitutions. The Court finds that

---

Court explained that resolving the interests "calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Roviaro*, 353 U.S. at 62.

the government-proposed substitutions convey the relevant and helpful information from the underlying classified information and, therefore, satisfies the government's discovery obligations with regard to the underlying classified information.

The Court also finds the multi-level review process described in the government's motion was an acceptable and adequate procedure to review classified information in this case.

The Court hereby AUTHORIZES the government to produce the government-proposed substitutions in lieu of the underlying classified information because the substitutions place the defense in substantially the same position as if the defense had access to the underlying classified information at issue.

The Court ORDERS the government's submission (including the motion, all attachments, and any transcripts relating to the government's filing) to be sealed and preserved in the records of the trial court so the records can be made available to the appellate court in the event of an appeal. The government's submission will not be disclosed to the defense, and the defense's submission will not be disclosed to the government.

(U) ORDERED this 15th day of March 2018.

_____
**WALTER H. RICE**
**UNITED STATES DISTRICT JUDGE**