# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | CASE NO.  3:17-CR-71-WHR |
| | : | |
| Plaintiff, | : | UNITED STATES' RESPONSE TO *PRO* |
| | : | *SE* MOTIONS (1) FOR ORDER TO |
| v. | : | PRODUCE GRAND JURY |
| | : | TRANSCRIPTS/PRE-TRIAL |
| **LAITH WALEED ALEBBINI,** | : | CONFERENCE TO EXAMINE |
| | : | EVIDENCE, AND (2) TO DISMISS |
| Defendant. | : | |
| | : | |

The United States submits this response to the defendant's *pro se* motions (R. 40 and R. 44), in an abundance of caution and to make clear that it does not concur with or acquiesce to the claims made in the motions, and that a more extensive response is not being provided due to the record already made on the motions, namely, that because defendant's counsel has elected, after considering the motions and exercising his professional judgment, <u>not</u> to adopt them, the Court will not be considering them.  The two *pro se* motions should, as a result, be denied, or alternatively, dismissed or stricken.

On July 3, 2018, the defendant filed a *pro se* Motion for an Order to Produce Grand Jury Transcripts/Pre-Trial Conference to Examine Evidence.  (R. 40, *Pro Se* Motion.)  On August 21, 2018, the defendant filed another *pro se* motion—a motion to dismiss.  (R. 44, *Pro Se* Motion to Dismiss.)  On August 23, 2018, the defendant, this time through counsel, filed six pretrial motions seeking various forms of relief.  (R. 48-53, Motions.)  On August 30, 2018, the defendant through counsel filed an unopposed motion to continue the trial date.  (R. 54, Motion to Continue.)

On September 6, 2018, the Court held a telephonic conference relating to various matters, including the defendant's motion to continue the trial date. The Court granted the motion to continue, made findings relating to the Speedy Trial Act, and encouraged the parties to meet and confer on the six pending motions filed by the defendant's counsel. Following the status conference, the parties met and conferred and resolved all pending motions filed by defense counsel. The defendant then moved to withdraw the six counsel-filed motions. (R. 57, Motion to Withdraw.) On September 17, 2018, the Court approved the motion to withdraw the six counsel-filed motions.

During the same September 6, 2018 telephone conference, the Court advised defense counsel that it would not be considering the defendant's *pro se* motions unless defense counsel adopted the motions.[1] Defense counsel informed the Court and the United States that he would

---

[1] The Court's advisement stands on solid ground. The defendant is represented by experienced and qualified counsel. Courts (both appellate and trial courts) routinely decline to review issues raised in *pro se* filings when the party making the filing is represented by counsel. *See, e.g., United States v. Harper*, 246 F.3d 520, 523 n.1 (6th Cir. 2001) ("[W]e decline to address [the defendant's] new issues" raised in a pro se letter "because they were not raised by [the defendant's] counsel."), overruled on other grounds by *United States v. Leachman*, 309 F.3d 377 (6th Cir. 2002); see also *United States v. Morrow*, 497 Fed.Appx. 583, 587 (6th Cir. 2012); *United States v. Williams*, 641 F.3d 758, 770 (6th Cir. 2011); *United States v. Martinez*, 588 F.3d 301, 328 (6th Cir. 2009); *United States v. Davis*, 373 F. Supp. 2d 788, 789 (E.D. Tenn. 2005); *United States v. Clark*, 250 F. Supp. 2d 856, 857 (S.D. Ohio 2002).

The practice of declining to entertain *pro se* filings from represented defendants in criminal cases flows from the principle that a defendant has a constitutional right to be represented by counsel *or* to represent himself during his criminal proceedings, but *not both*. *United States v. Mosely*, 810 F.2d 93, 97 (6th Cir. 1987), citing *Faretta v. California*, 422 U.S. 806 (1975); *see also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally *or* by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.") (Emphasis added.). In *United States v. Mosely*, 810 F.2d at 97-98, the court stated: "The right to defend *pro se* and the right to counsel have been aptly described as 'two faces of the same coin,' in that waiver of one constitutes a correlative assertion of the other." (*Id.*) This district's local rules governing court filings implement these principles. *See, e.g.*, S.D. Ohio Civ. R. 83.4 (made applicable to criminal actions by virtue of S.D. Ohio Crim. R. 1.2 and 1.3) ("Each filing made on behalf of such parties shall identify and be signed by the trial attorney."); S.D. Ohio R. 83.5 ("All documents filed on

not be adopting the motions. As a result, the United States has not provided a "formal," substantive response to the *pro se* motions and only submits this brief response to make clear for the record that it does not, by the lack of a more formal, substantive response, concur with or acquiesce to the claims made by the defendant in his *pro se* motions.

The defendant's two *pro se* motions should be denied, or alternatively, dismissed or stricken.

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney

s/Vipal J. Patel
VIPAL J. PATEL (CA 156212)
First Assistant United States Attorney
DOMINICK S. GERACE (OH 0082823)
Assistant United States Attorney
200 West Second Street, Suite 600
Dayton, Ohio 45402
Office: (937) 225-2910
Fax: (937) 225-2564
vipal.patel@usdoj.gov
dominick.s.gerace@usdoj.gov

s/Justin Sher
JUSTIN SHER (DC 974235)
Trial Attorney
National Security Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20004
Office: (202) 353-3909
justin.sher@usdoj.gov

---

behalf of a party represented by counsel shall be signed by one attorney in his or her individual name as the trial attorney referred to in S.D. Ohio Civ. R. 83.4 …"). Ultimately, the decision to accept such filings is left to the sound discretion of the district court. See *United States v. Flowers*, 428 Fed.Appx. 526, 530 (6th Cir. 2011); *United States v. Mosely*, 810 F.2d at 97-98. Here, there was no reason to veer from the traditional practice of *not* considering *pro se* filings from represented criminal defendants, particularly given that defense counsel opted not to adopt, renew, or otherwise ratify his client's filings. In short, the United States concurs with the Court's position.

3

## CERTIFICATE OF SERVICE

      I hereby certify that this pleading was filed with this Court on this 3rd day of October 2018, a process that automatically provides an electronic copy to all counsel of record.

                                                  <u>s/Vipal J. Patel</u>
                                                  VIPAL J. PATEL (CA 156212)
                                                  First Assistant United States Attorney