# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CASE NO.  3:17-cr-071-WHR** |
| | : | |
| **Plaintiff,** | : | **MOTION FOR EXTENSION** |
| | : | **IN WHICH TO FILE** |
| **v.** | : | **SENTENCING** |
| | : | **MEMORANDUM** |
| **LAITH WALEED ALEBBINI,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

The United States respectfully requests leave to file its sentencing memorandum in this case *following* the sentencing hearing scheduled for this Friday, March 8.[1] The United States received the defendant's sentencing memorandum just yesterday afternoon.[2] The memorandum

---

[1] Pursuant to prior order of the Court, the defendant's sentencing memorandum was due 10 days prior to sentencing, and the United States' responsive memorandum is due 3 days prior to sentencing, namely, today.

[2] The United States understands that matters arise, despite best intentions, necessitating late filings, and the United States makes no issue with the timing of the filing. The United States simply wishes sufficient time to prepare a meaningful response, which, given that the defendant now intends to call witnesses at Friday's hearing, the United States believes would be most productive and useful if prepared and submitted following the testimony.

is lengthy, makes numerous arguments for lenience, and has several lengthy attachments.

Additionally, the United States was advised this past Friday that the defendant intends to call two witnesses at sentencing, namely, himself and a relative.[3] Rather than trying to formulate a responsive sentencing memorandum in short order, the United States believes a more productive approach would be to hear the testimony and then prepare a responsive memorandum. Accordingly, the United States respectfully requests leave to file its sentencing memorandum following Friday's hearing, by a date to be determined by, and meeting the needs of, the Court. Pursuant to Local Rule 7.3(a), the

---

[3] So long as the testimony is limited to sentencing factors set forth in 18 U.S.C. § 3553(a), and is not being offered in an effort to re-try the case or otherwise re-litigate the elements of the offenses, the United States has no objection to the calling of these witnesses at sentencing. The United States understands the defendant's relative, who was a part of the trial through translated recordings read into the record, may not be able to appear in person, and instead, the defendant may seek to call the relative a witness via video or telephone conference. The United States does not object to that procedure either, although the United States' position is that absent the Court being able to observe and assess the demeanor of the witness *in open court*, the *weight* given to such testimony should be minimal.

United States consulted with defense counsel concerning this motion.

Defense counsel indicated he is not opposed to requested relief.

Respectfully submitted,

BENJAMIN C. GLASSMAN
United States Attorney

s/Vipal J. Patel
VIPAL J. PATEL (CA 156212)
First Assistant United States Attorney
DOMINICK S. GERACE (OH 0082823)
Assistant United States Attorney
200 West Second Street, Suite 600
Dayton, Ohio 45402
Office: (937) 225-2910
Fax: (937) 225-2564
vipal.patel@usdoj.gov
dominick.s.gerace@usdoj.gov

s/Justin Sher
JUSTIN SHER (DC 974235)
Trial Attorney
National Security Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20004
Office: (202) 353-3909
justin.sher@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that this pleading was filed with this Court on this 5th day of March 2019, a process that automatically provides an electronic copy to all counsel of record.

<u>s/Vipal J. Patel</u>
VIPAL J. PATEL (CA 156212)
First Assistant United States Attorney