IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:17-CR-071 |
| Plaintiff, | : | Judge Walter H. Rice |
| v. | : | |
| LAITH WALEED ALEBBINI, | : | |
| Defendant. | : | |

## **PRELIMINARY ORDER OF FORFEITURE**

On May 21, 2018, a grand jury in the Southern District of Ohio returned a two-count Superseding Indictment, charging defendant Laith Waleed Alebbini in Count 1 with attempt to provide material support and resources to a foreign terrorist organization and in Count 2 with conspiracy to provide material support and resources to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B(a)(1).

Pursuant to Fed. R. Crim. P. 32.2(a), a forfeiture allegation in the Superseding Indictment contained notice to the Defendant that the United States sought forfeiture of certain property, pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 981(a)(1)(G)(i)-(iii), and 28 U.S.C. § 2461(c), including but not limited to, the following (the "subject property"):

1. A black in color "Blu" brand, cell phone with a cracked screen; and
2. An HP laptop computer, model number 15-1233wm, bearing serial number 5CD537AD81.

On December 6, 2018, the Court read the verdict, finding the Defendant guilty on Counts 1 and 2 of the Superseding Indictment.

The subject property is forfeitable, pursuant to 18 U.S.C. § 981(a)(1)(G)(i)-(iii) and 28

U.S.C. § 2461(c), as follows: (1) the Defendant, who engaged in planning a Federal crime of terrorism, has an interest in the subject property; (2) the Defendant maintained the subject property with the intent and for the purpose of supporting, planning, conducting, or concealing a Federal crime of terrorism; and (3) the subject property was involved in, or used or intended to be used to commit a Federal crime of terrorism, all against the United States, citizens or residents of the United States, or their property.

The United States has established the requisite nexus between the subject property and the Defendant's offenses.

THEREFORE, IT IS HEREBY ORDERED THAT:

1. All right, title, and interest is the subject property is condemned and forfeited to the United States pursuant to 18 U.S.C. § 981(a)(1)(G)(i)-(iii) and 28 U.S.C. § 2461(c).

2. The United States is authorized to seize the subject property, pursuant to 21 U.S.C. § 853(g) and Fed. R. Crim. P. 32.2(b)(3), whether held by the Defendant or a third party; conduct any discovery for identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights.

3. In accordance with the direction provided by the Attorney General and Fed. R. Crim. P. 32.2(b)(6), the United States shall publish notice of this Order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. Publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure, and may be by any means described in Supplemental Rule G(4)(a)(iv). Publication is unnecessary if any exception in Supplemental Rule G(4)(a)(i) applies.

4. The notice must describe the forfeited property, state the times under the applicable

statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the Assistant United States Attorney to be served with the petition. The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v).

5. Pursuant to 21 U.S.C. § 853(n)(2), any person, other than the Defendant, asserting a legal interest in the subject property, who wishes to contest the forfeiture of the subject property must, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, file a petition in the United States District Court for the Southern District of Ohio for a hearing to adjudicate the validity of the alleged legal interest in the subject property.

6. Any petition filed by a third party shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.

7. The United States shall have clear title to the subject property following the Court's disposition of all third party interests, or if no third party petitions are timely filed, following the expiration of the period provided by statute for the filing of third party petitions.

8. This Preliminary Order of Forfeiture shall be made part of the sentence and included in the Judgment. This Order remains preliminary as to third parties until the ancillary proceeding is concluded.

9. The Court shall retain jurisdiction to enforce this order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

SO ORDERED:

Dated: 3-12-19

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE