# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA, : | CASE NO.  3:17-CR-071-WHR |
| : | (MRM) |
| Plaintiff, : | |
| : | OPPOSITION TO MOTION |
| v.  : | TO EXPAND THE RECORD |
| : | |
| LAITH WALEED ALEBBINI, : | |
| : | |
| Defendant. : | |
| : | |

The defendant seeks pursuant to Rule 7 of the Rules Governing 2255 Proceedings to expand the record by adding three documents.  He gives no reasons for his request or explanation as to why the documents are essential, or even pertinent, to his 2255 motion.  Additionally, two of the three documents already appear to be part of the record, and thus, it is unclear why the record needs to be expanded to include them, again.  The last document, a purported affidavit from Raid Ababneh, is unauthenticated, and the United States does not accede to either its authenticity or truthfulness and objects to formal expansion of the

record to include it in this case. That it is already on file with the court, as an exhibit to the defendant's motion, is enough.

Two of the three documents the defendant seeks to add to the record appear to already be part of the "record." Exhibit 2 to the defendant's motion, beginning with Bates Number ALE-00029095, appears to be the first two pages of a thirteen-page exhibit admitted at trial, namely, government's exhibit 5t1. Exhibit 3 to the defendant's motion, identified with Bates Number ALE-00025500, appears to be part of a report of a witness interview produced by the United States to the defense. The markings across the top suggest that it had previously been filed with the Court, in connection with ECF No. 90 (defendant's motion to reconsider), and thus, effectively already made a part of the "record." A review of ECF No. 90 confirms that the document was indeed filed in connection therewith. (*See* ECF No. 90, Motion at 919.) The United States sees no reason why these documents need to be made part of the record again (even though they effectively have by virtue of the defendant attaching them to his motion).

Exhibit 1 to the defendant's motion is different. It purports to be an affidavit from Raid Ababneh, an unindicted co-conspirator. The

defendant's conspiracy with Ababneh featured prominently at trial, and on appeal, as it formed the basis of Count 2 of the Indictment (the conspiracy charge).  As the Court of Appeals found, sufficient evidence supported the conviction.  *United States v. Alebbini*, 979 F.3d 537, 543-546 (6th Cir. 2020).  The United States presented at trial, in the district court's words, "an avalanche of evidence" of Alebbini's true intentions.  (ECF No. 112, Tr. 12/6/18 at 2467.)  Now years later, the defendant submits an affidavit purporting to be from Ababneh, who did not testify at trial, in which the purported declarant professes innocence and portrays matters as simply a misunderstanding.  The purported affidavit is far too little, far too late.  It has no internal authentication features and was not authenticated by external means.  The United States does not accept the affidavit and objects to formally expanding the record to include it.  That the document appears to be dated in March but was only submitted to the Court and the United States in November only adds to the uncertainty about the document.

    Aside from authentication issues, the defendant provides no explanation as to why the affidavit is essential to his 2255 motion, or even how it relates to it.  The defendant's 2255 motion is couched in

3

terms of ineffective assistance of counsel, but what counsel supposedly did or did not do that could possibly be considered ineffective as it relates to Ababneh is a mystery. The United States' understanding is that Ababneh was overseas at the time of trial, and he presumably was not inclined to return to the United States given the pendency of the case and the potential for charges. Even if he were so inclined, much of the evidence of the conspiracy introduced at trial consisted of recorded conversations that Ababneh would be hard pressed to contradict. In short, to the extent the defendant's claim is that his counsel should somehow have orchestrated and called Ababneh to testify, only for his testimony to be that he never searched for any extreme groups or any terrorist organization, as stated in this document the defendant seeks to add to the record, when the evidence so clearly revealed that Ababneh watched ISIS videos, discussed ISIS at length, and supported ISIS, would only have been disastrous for the defense. Nothing is ineffective about not bringing disaster upon a defense.

   Lastly, by filing the purported affidavit as an exhibit to his motion to expand the record, the defendant has effectively succeeded in adding the affidavit to the "record." After all, it now has an ECF number tied

4

to it, along with a PageID.  The defendant can presumably refer to it as he deems appropriate, for whatever worth he feels it has, and the United States, in turn, can object or otherwise respond as it deems appropriate, with the court making the ultimate determination as to the admissibility, value, and usefulness of the document.  But, as a practical matter, it has already become part of the "record."  There is no need or basis for doing more.

      The defendant's motion should be denied.

                          Respectfully submitted,

                          KENNETH L. PARKER
                          United States Attorney

                          s/Vipal J. Patel
                          VIPAL J. PATEL (OH 99850; CA 156212)
                          Assistant United States Attorney
                          200 West Second Street, Suite 600
                          Dayton, Ohio 45402
                          Office: (937) 225-2910
                          Fax: (937) 225-2564
                          vipal.patel@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that this pleading was filed with this Court on this 23rd day of December 2021, a process that automatically provides an electronic copy to all counsel of record, and that a hard copy of this pleading is being mailed to the defendant this same day, addressed to:

LAITH ALEBBINI
# 81611-007
FCI OXFORD
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
OXFORD, WI  53952

                                            <u>s/Vipal J. Patel</u>
                                            VIPAL J. PATEL (OH 99850; CA 156212)
                                            Assistant United States Attorney