# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

          Plaintiff,    :    Case No. 3:17-cr-071
                                       Also Case No. 3:21-cv-259

                                       District Judge Walter H. Rice
  - vs -                          Magistrate Judge Michael R. Merz

LAITH WALEED ALEBBINI,

          Defendant.    :

## DECISION AND ORDER

This § 2255 case is before the Court on Defendant's Motions for Discovery (ECF No. 138) and to Expand the Record (ECF No. 139). The United States opposes both Motions (ECF Nos. 145, 146). Defendant has filed a Reply in support of the Motion to Expand (ECF No. 149)[1].

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid" *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Nichols v. United States,* 563 F.3d 240, 250 (6th Cir. 2009). In other words, to warrant relief under § 2255, a prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect of influence on the

---

[1] The docket lists this document as a reply in support of both motions, but it is captioned only as "Reply in Opposition to Expand the Record."

1

guilty plea or the jury's verdict. *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2006), *citing Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993).

Persons convicted of federal crimes have a right to appeal to the appropriate circuit court of appeals and to seek review in the United States Supreme Court. Considering the efficiency of having all issues dealt with in one proceeding, the federal courts have encouraged use of direct review to the fullest possible extent. Yackle, POSTCONVICTION REMEDIES, §108 (1981). A motion to vacate under § 2255 is not a substitute for direct appeal. *United States v. Duhart,* 511 F.2d 7 (6th Cir. 1975); *DiPiazza v. United States*, 471 F.2d 719 (6th Cir. 1973).

It is well-established that a § 2255 motion "is not a substitute for a direct appeal." Ray v. United States, 721 F.3d 758, 761(6th Cir. 2013), quoting *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)). Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is "actually innocent" of the crime. *Ray, supra,* citing *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted).

On appeal from Judge Rice's decision in this case, which was tried to the bench, Alebbini asserted there was insufficient evidence to support his conviction on either of the two counts in the Indictment. *United States v. Alebbini,* 979 F.3d 537 at 540 (6th Cir. 2020). Rejecting Alebbini's claims, the Sixth Circuit found "a rational trier of fact could have found the elements of the crimes charged beyond a reasonable doubt." *Id.* Alebbini's requests for discovery and to expand the record must be analyzed in the context of those findings. Much of Defendant's argument in support of these Motions and in the Motion to Vacate itself imply a belief that Alebbini can now re-argue the

2

merits of the case or that there was insufficient evidence. Those claims are foreclosed by the Sixth Circuit's affirmance.

A habeas petitioner or § 2255 movant is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules Governing § 2254 Cases; Rule 6(a), Rules Governing § 2255 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000).

Before determining whether discovery is warranted, the Court must first identify the essential elements of the claim on which discovery is sought. *Bracy*, 520 U.S. at 904, *citing United States v. Armstrong*, 517 U.S. 456, 468 (1996). The burden of demonstrating the materiality of the information requested is on the moving party. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), *cert. denied,* 537 U.S. 831 (2002), *citing Murphy v. Johnson,* 205 F.3d 809, 813-15 (5th Cir. 2000). "Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003), *cert. denied,* 543 U.S. 842 (2004), *quoting Stanford*, 266 F.3d at 460.

Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams v. Bagley,* 380 F.3d 932, 974 (6th Cir. 2004), *cert. denied,* 544 U.S. 1003 (2005), *citing Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford*, 266 F.3d at 460. "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Williams,* 380 F.3d at 974*, citing Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

3

**Motion for Discovery**

Defendant seeks to discover "the Jordanian authority investigation of Raid Ababneh (unnamed coconspirator)." Alebbini claims this information was provided to his defense counsel "pre-trial under counsel privilege." (ECF No. 138, PageID 4042.) He then includes a lengthy quotation from the Transcript of Verdict Proceedings, ECF No. 112, PageID 2463-64)." *Id.* He claims the material he seeks in discovery will prove that the findings embodied in the quoted language are untrue such that the Government misrepresented the facts to this Court and his attorneys provided ineffective assistance of trial counsel by not presenting this evidence at trial. (ECF No. 138, PageID 4042-43).

The United States opposes the Motion for Discovery on the basis that Alebbini has not shown good cause because he has been vague in describing the documents he seeks and in stating his reasons for production (ECF No. 145, PageID 4063). Furthermore, Assistant United States Attorney Patel cannot recall anything produced in discovery in the underlying case under "counsel privilege," expressing confusion as to the meaning of that phrase. He asserts that nothing was produced in discovery "for counsel's eyes only," even though the Protective Order contemplated there might be such information. *Id.* at PageID 4065.

The Court declines to order the United States to produce again documents it already produced in pre-trial discovery. Defendant may make a written demand on his defense counsel to furnish him with any material furnished to his counsel by the United States that comes within the description of documents he has sought in his Motion for Discovery. If defense counsel produces that material, the issue is at an end. If defense counsel refuses on the basis of some production's

4

having been "for counsel's eyes only" (contrary to Mr. Patel's recollection), the Court will reconsider. Form the present, however, the Motion for Discovery is DENIED.

If Defendant should file another request for discovery in this case, he will need to abide by the decision in *Bracy, supra,* and demonstrate the relationship between the discovery he seeks and his grounds for relief.

**Motion to Expand the Record**

Alebbini seeks to expand the record to include

1. An affidavit of Raid Ababneh

2. A transcript of a telephone conversation between himself and his brother on April 26, 2017

3. A document identified as ALE 00025500

The first of these items is a purported statement by Raid Ababneh date 22/03/2021 (March 22, 2021)(ECF No. 139-1, PageID 4047). It is not notarized or otherwise shown to have been made under penalty of perjury. By its own terms it was created after the Sixth Circuit affirmed the conviction in this case. It purports to refute evidence given at trial about Ababneh's connection to ISIS.

The second item is a purported transcript of a telephone conversation between Defendant and Hossam Alebbini (ECF No. 139-2, PageID 4048-51). It is already in the record as part of Government trial exhibit "5t1." The third item is a copy of a page already in the record at ECF No. 90, PageID 919. In his Reply, Alebbini acknowledges his mistake as to these two documents (ECF No. 149, PageID 4078). Therefore the Motion to Expand is moot as to these two items.

As to the first item, aside from the authentication problems already noted, the Government argues it is "far too little, far too late" in the sense that Ababneh was an unindicted co-conspirator in this case and did not testify at trial (ECF No. 146, PageID 4070). He was apparently out of the country and beyond subpoena power. His purported affidavit does nothing to explain the extensive evidence the United States produced at trial on the conspiracy count.

Alebbini responds that Raid did not testify because of ineffective assistance of trial counsel (ECF No. 149, PageID 4080). However, Alebbini presents no evidence that Ababneh was willing to return to the United States and face probable indictment himself in order to testify. A trial attorney cannot obtain testimony from a witness who is beyond the subpoena power of the Court.

As to whether the statement is "too little," Alebbini avers that it is up to this Court and the Court of Appeals to decide that question. *Id.* Preliminarily, the Magistrate Judge agrees with the United States: the statement if admitted would do very little to refute the extensive evidence of conspiracy between Alebbini and Ababneh presented at trial.

As a further point on the lateness of Ababneh's statement, Alebbini seems to offer it as if it were trial testimony, but the trial and appeal are over and final. To put it another way, Ababneh's statement could have been admitted (assuming he was on the witness stand, under oath, and subject to cross-examination), but a Motion to Vacate under 28 U.S.C. § 2255 is not an occasion to re-try the case.

Accordingly, as to the Ababneh statement, the Motion to Expand is DENIED.

January 24, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge
