# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

           Plaintiff,    :    Case No. 3:17-cr-071
                                            Also Case No. 3:21-cv-259

                                            District Judge Walter H. Rice
-  vs  -                               Magistrate Judge Michael R. Merz

LAITH WALEED ALEBBINI,

           Defendant.    :

---

## SUPPLEMENTAL REPORT AND RECOMMENDATION

---

This case under 28 U.S.C. § 2255 is before the Court on Defendant's Objections (ECF No. 172) to the Magistrate Judge's Report and Recommendations (ECF No. 171) recommending the Motion to Vacate be denied. District Judge Rice has recommitted the case for reconsideration in light of the Objections (ECF No. 173). The United States has not responded to Defendant's Objections and the time for doing so has expired. Thus the Objections are ripe for consideration.

**1.    Request for a New Trial**

In the Report, the Magistrate Judge wrote that "Reading Alebbini's Traverse as a whole, it evinces a desire to re-try the case." (Report, ECF No. 171, PageID 4279). In his Objections, Alebbini confirms that that is precisely what he is trying to do (ECF No. 172, PageID 4290). However, the standards for granting a new trial and those for granting relief under 28 U.S.C. §

1

2255 are quite different. On December 31, 2018, Alebbini filed *pro se* a Motion for New Trial in which he sought to bring in an expert in Islamic law (ECF No. 72). Judge Rice denied that motion because it was not endorsed by his trial attorney (ECF No. 83). Alebbini filed a Second Motion for New Trial May 15, 2019 (ECF No. 86). Judge Rice denied the Motion because the trial attorney had not endorsed it, it was untimely, and the evidence Alebbini desired to present was not "newly discovered" within the meaning of Fed.R.Crim.P. 33 (ECF No. 88). Alebbini then filed a Motion for Reconsideration on June 12, 2019, which sets forth at length an argument on what the evidence shows on the merits (ECF No. 90). Judge Rice overruled this Motion by Notation Order on July 1, 2019. Alebbini then appealed, claiming the evidence was insufficient to convict, but the Sixth Circuit found it was sufficient. *United States v. Alebbini*, 979 F. 3d 537 (6th Cir. Nov. 5, 2020). Alebbini did not raise denial of his two motions for new trial on appeal.

The Report relied on the doctrine of *res judicata* to recommend denial of the Motion to Vacate. Alebbini's Objections do not speak to that defense at all, but it is completely dispositive. It prohibits consideration on the merits of claims or evidence which were or could have been presented and considered at an earlier stage of the controversy. In this case Judge Rice has considered all the evidence presented at trial and that tendered with the motions for new trial and denied relief. That judgment is final in the absence of proof of a constitutional violation in arriving at that conclusion.

In support of his Motion to Vacate, Alebbini submitted the post-trial Affidavit of Raib Ababneh which the Magistrate Judge found to be uncross-examined hearsay. Alebbini objects that it is admissible under Fed. R. Evid. 803(5)(C), 6(A), 7(A) and 804(A) (ECF No. 172, PageID 4291). The Affidavit in question purports to have been sworn to March 22, 2021

(PageID 4033), many years after the trial. It contains no averments which would lay a proper foundation for admission under Fed. R. Evid. 803 or 804.

Alebbini has shown neither a specific constitutional violation nor a "manifest injustice." A § 2255 movant does not present a case of manifest injustice simply by rearguing about what the evidence shows.

### 2. False Statement by the Prosecutor

Alebbini claims prosecutorial misconduct in the prosecutor's statement about Ababneh's communications with ISIS, but he relies on the Ababneh Affidavit which is inadmissible hearsay.

### 3. Failure to Address "The Pledge"

Alebbini claims the Report does not address the Court's finding that Ababneh and Alebbini pledged to support ISIS, claiming that finding was based on a mistranslation (Objections, ECF No. 172, PageID 4292). But the Report does address this matter, noting that the Sixth Circuit found there was sufficient evidence for Judge Rice to conclude Alebbini had taken the pledge (Report, ECF No. 171, PageID 4281).

4. *Napue* **Claim**

The Report found that Alebbini's claim under *Napue v. Illinois*, 360 U.S. 264, 269 (1959), was barred by res judicata. Alebbini's Objections address the *Napue* claim, but say nothing about res judicata.

5. **The Failure of the Sixth Circuit to Decide if Alebbini took the pledge**

Alebbini claims the Sixth Circuit did not decide the critical question of whether he took the pledge or not. That is correct. What the Sixth Circuit did was to say it was not its role as an appellate court to re-weigh the evidence on that question. That is also correct: appellate courts do not re-weigh the evidence, but decided whether there is sufficient evidence to support a trial court's findings. That is what the Sixth Circuit did here. Alebbini claims that if he were given an evidentiary hearing, he could now prove he did not take the pledge. But Alebbini has already had that hearing, the trial. Judge Rice has held he is not entitled to a new trial and he has never appealed that conclusion.

6. **Ineffective Assistance of Counsel:  Choice of Strategy**

Alebbini claims Attorney Anderson's choice of trial strategy was ineffective, that he should have presented evidence of other anti-Assad groups Alebbini was considering joining. But Alebbini's argument about why it was bad strategy to attack the sufficiency of the evidence of a pledge to ISIS is that it did not work. That is insufficient to prove it was incompetent.

### 7. Ineffective Assistance: Objecting to Testimony

Alebbini has still not shown how any third-party witness could testify what was in Alebbini's mind.

### 8. Ineffective Assistance: Failure to Present Transcript

Among the evidence Alebbini claims Attorney Anderson was ineffective in failing to present is a transcript of a telephone call on April 26, 2017. The Report found that Alebbini admitted Attorney Anderson did not have the transcript at trial (Report, ECF No. 171, PageID 4286). Alebbini denies the admission. The Magistrate Judge will stand on the citation.

### 9. Ineffective Assistance: Failure to File Post-Trial Motions

Alebbini accused Attorney Anderson of ineffective assistance for failure to file certain unspecified post-trial motions. The Report declined to find ineffective assistance of trial counsel where Alebbini did not specify what motions he thought should have been filed. In his Objections he claims he drafted the motions and sent them to Anderson, but he has still not filed them with the Court. The Court cannot decide if failure to file motions is ineffective assistance until it knows what the motions were. He now refers to his two *pro se* motions for new trial, but Judge Rice denied those motions. What makes them so compelling that it was ineffective assistance to fail to file them? Alebbini does not say.

**10. Report not done in the interest of justice, but to serve "rules and technicalities"**

Alebbini does not show where the Report ignores justice in the interest of "rules and technicalities." But judges are not empowered to ignore rules adopted by Congress or the higher courts in the interest of what a litigant believes is justice. Alebbini asks for *de novo* review by Judge Rice. He is entitled to *de novo* review on each point where he has objected.

**11. Recommendation of Dismissal and Denial of a Certificate of Appealability**

Alebbini objects that dismissal will result in a fundamental miscarriage of justice, but he has not submitted new evidence of actual innocence sufficient to meet the fundamental miscarriage standard of *Schlup v. Delo*, 513 U.S. 298, 319 (1995). He also objects to denial of a certificate of appealability, but submits no evidence of argument to show a reasonable judge would have decided his case differently. The Court accept that he is indigent, but that does not entitled him to appointed counsel on appeal.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge adheres to his original recommendation that the Motion to Vacate be denied. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

October 24, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge
