IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | | Case No. 3:17-cr-71 |
| v. | : | Related Case No. 3:21-cv-259 |
| LAITH WALEED ALEBBINI, | | JUDGE WALTER H. RICE |
| Defendant. | : | |

DECISION AND ENTRY ADOPTING IN THEIR ENTIRETY THE INITIAL (DOC. #171) AND SUPPLEMENTAL (DOC. #174) REPORTS AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE, AND OVERRULING DEFENDANT'S OBJECTIONS THERETO (Doc. #172, 175); DEFENDANT'S MOTION TO VACATE HIS CONVICTION UNDER 28 U.S.C. § 2255 (DOC. #132) IS DISMISSED WITH PREJUDICE; BECAUSE REASONABLE JURISTS WOULD NOT DISAGREE WITH THIS CONCLUSION, AND DEFENDANT HAS NOT MADE A SUBSTANTIAL SHOWING OF A DENIAL OF A CONSTITUTIONAL RIGHT, HE SHALL NOT BE GRANTED A CERTIFICATE OF APPEALABILITY; AS ANY APPEAL WOULD BE OBJECTIVELY FRIVOLOUS, DEFENDANT SHOULD NOT BE PERMITTED LEAVE TO APPEAL *IN FORMA PAUPERIS*; TERMINATION ENTRY

Defendant Laith Waleed Alebbini ("Defendant") filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct His Sentence ("Motion" or "§ 2255 Motion"). Doc. #132. Pending before the Court, pursuant to Rule 72(b), are: United States Magistrate Judge Michael R. Merz's ("Magistrate Judge Merz") September 16, 2022, Report and Recommendations ("Initial Report and Recommendations"), Doc. #171; Magistrate Judge Merz's October 25, 2022,

Supplemental Report and Recommendations ("Supplemental Report and Recommendations"), Doc. #174; and Defendant's Objections to said judicial filings, Doc. #172, 175. Plaintiff, the United States of America ("the Government"), submitted: a Response in Opposition to Defendant's Motion, Doc. #163; and a Response in Opposition to Defendant's Objections, Doc. #176. Defendant submitted a Traverse/Reply to the Government's Response ("Traverse"). Doc. #170.

Based on the reasoning and citations set forth in the Reports and Recommendations, as well as upon a thorough *de novo* review of the parties' filings, the underlying facts and the applicable law, the Court ADOPTS in their entireties the Initial and Supplemental Reports and Recommendations, and OVERRULES Defendant's Objections thereto. Defendant's Motion is DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with the Court's conclusion, and Defendant has not made a substantial showing of a denial of any constitutional right, he is DENIED a certificate of appealability. This Court, in so doing, certifies to the U.S. Court of Appeals for the Sixth Circuit that any appeal would be objectively frivolous, and that Defendant should not be granted leave to appeal *in forma pauperis*.

I. **Factual Background and Procedural History**

On April 26, 2017, FBI agents intercepted and arrested Defendant at the Cincinnati-Northern Kentucky airport as he approached a security checkpoint with the intent to embark to Syria, join the known terrorist organization the "Islamic

2

State" ("ISIS"), and engage in combat in Syria on ISIS's behalf. Doc. #108, PageID##2156-58; *see* Doc. #112, PageID#2461. A grand jury in the U.S. District Court for the Southern District of Ohio, on May 21, 2018, issued a First Superseding Indictment against Defendant, charging him with: Knowingly Attempting to Provide Material Support and Resources to ISIS, a Foreign Terrorist Organization, in the Form of Personnel, Himself, to Work Under ISIS's Control, 18 U.S.C. § 2339B(a)(1) ("Count I"); and Conspiracy to Commit the Same Offense ("Count II"). Doc. #36. As relevant here, the Government's theory of the case relied, in part, on Defendant's agreement with his cousin, Raid Alebbini ("Raid"), to assist ISIS in Syria. *See* Doc. #102, PageID##1092, 1099. Defendant waived his right to a jury trial, Doc. #56, and the case proceeded as a bench trial before the undersigned on November 13, 2018. Doc. #60. The Court heard the arguments and reviewed the evidence presented by both parties, beginning on November 13, and ending on November 27, 2018.[1] Doc. ##60-67.

Because the evidence established Defendant's intent to attempt to provide material support to ISIS and his agreement with Raid to do the same, the Court entered a guilty verdict against Defendant on both Counts on December 6, 2018. Doc. #112. The Court relied upon, *inter alia*, the following evidence admitted into the record: (1) text messages from Defendant to his family, immediately before he departed, stating, "I am a terrorist" and "I am mujahid," Doc. #108,

---

[1] The Court took a break due to the Thanksgiving holiday on November 22 and 23. Doc. #108, PageID#2200.

3

PageID##2144-45; (2) a surveilled call between Defendant and an informant, in which Defendant walked the informant through, step by step, how to join ISIS by flying to Jordan and deplaning in Turkey, and how he had booked a ticket for a prior unsuccessful trip using the same method, Doc. #118-6, PageID##3281-82; and (3) excerpts from a telephone call between Defendant and his cousin, during which he referenced his intent to join ISIS by stating, "[T]he solution . . . is to bear arms," "I am going to join these people because they are right[,]" and "I . . . want to go be an inghimasi[2] soldier!" Doc. #119, PageID# 3593, 3610, 3628; *see* Doc. #112, PageID##2459, 2464.

On June 13, 2019, the Court sentenced Defendant to 180 months on Count I, to be run concurrently with his 180-month sentence on Count II. Doc. #91. Defendant appealed to the U.S. Court of Appeals for the Sixth Circuit on July 8, 2019, challenging the sufficiency of the evidence supporting both convictions. *United States v. Alebbini*, 979 F.3d 537, 540 (6th Cir. 2020). The Sixth Circuit affirmed on November 5, 2020. *Id.* It first noted that the trial record contained several conversations between Defendant, Raid, and others from which "a rational factfinder could conclude beyond a reasonable doubt that there was an agreement between [Defendant] and Raid to provide material support to ISIS." *Id.* at 545. Further analogizing to relevant precedent, the Sixth Circuit affirmed the Court's

---

[2] As an expert witness testified at trial, an "inghimasi" is "an individual that carries out a suicide attack" in a manner that tries "to kill as many people as possible" before the individual is "cornered[,]" upon which he or she "will blow himself or herself up." Doc. #107, PageID#2026.

4

conclusion that -- when considered with the evidence previously mentioned -- Defendant took a substantial step towards committing the crime when he left the ticket area at the airport and headed towards security with Syria as his eventual destination. *Id.* at 547–49.

Defendant filed his § 2255 Motion on September 21, 2021. Doc. #132. As explained in more detail below, he generally challenges the actions of the Government and his trial counsel in presenting or withholding evidence and arguments during the trial. He presents three Grounds for Relief ("Grounds"): (1) Prosecutorial Misconduct; (2) Ineffective Assistance of Counsel; and (3) Judicial Misconduct. *Id.*

## II. Applicable Law

### A. 28 U.S.C. § 2255

Under 28 U.S.C. § 2255, a prisoner who was convicted of a federal crime, but who believes "that the sentence was imposed in violation of the Constitution or the laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The Court's analysis under 28 U.S.C. § 2255 is identical to its analysis of a *habeas corpus* petition brought under 28 U.S.C. § 2254, and a movant under 28 U.S.C. § 2255 is subject to the same burdens of proof and exhaustion requirements as a *habeas corpus* petitioner under 28 U.S.C. § 2254(b). If a movant fails to raise an argument for vacating or modifying a sentence that was available to him on direct appeal, then that argument has been procedurally defaulted, and he may not raise

5

it as a ground for relief under 28 U.S.C. § 2255. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *see also Bousley v. United States*, 523 U.S. 614, 621 (1998) (applying *Wainwright* to § 2255 claim). The Court "may excuse a prisoner's default if he [or she] 'show[s] (1) cause for not raising the claim on appeal and (2) prejudice from the error alleged in the claim.'" *Mitchell v. United States*, 43 F.4th 608, 615 (6th Cir. 2022) (emphasis deleted) (quoting *Gatewood v. United States*, 979 F.3d 391, 394 (6th Cir. 2020)). "Where, as here, the judge considering the § 2255 motion also presided over the trial, the judge may rely on her [or his] recollections of the trial." *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (citing *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996)).

### B. Rule 72(b)

Under Fed. R. Civ. P. 72(b)(3), the district court must make a *de novo* review of any portions of the Reports and Recommendations to which proper Objections have been filed. *See also* 28 U.S.C. § 636(b)(1).

## III. Legal Analysis

Due to the extensive filings in this case, the Court will analyze each Ground separately, providing a short synopsis of the filings, the analysis pertinent to each Ground, and the relevant Objections and analysis resolving those Objections.

### A. Preliminary Analysis

Magistrate Judge Merz noted that Defendant's filings "evince a desire to re-try the case." Doc. #171, PageID#4279; Doc. #174, PageID##4304-05. The Court agrees. Defendant's arguments -- contending the evidence did not support

6

his conviction -- are not cognizable because "[a]bsent exceptional circumstances, or an intervening change in the case law, [he] may not use his § 2255 petition to relitigate [an] issue" decided on direct appeal. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999) (citations omitted). Defendant identifies neither. Rather, he repackages his sufficiency of the evidence arguments -- which were denied here and on appeal -- as constitutional violations that merit § 2255 relief. *Compare* Doc. #132, PageID# 3988 (arguing that "there is no evidence or anything on the trial record to support" the Court's finding that Defendant and Raid conspired to provide material support to ISIS), *with* Doc. # 112, PageID#2462–63, *and Alebbini*, 979 F.3d at 546 ("[T]he district court was within its authority to infer from that evidence that an agreement between [Defendant] and Raid to provide material support to ISIS had been formed." (citing *United States v. Ellzey*, 874 F.2d 324, 328 (6th Cir. 1989)). *See Reynolds v. United States*, 3:05-CR-493, 2012 WL 12981962, at *6 (M.D. Pa. Aug. 15, 2012) (rejecting movant's attempt to vacate § 2339B conviction where his "[s]ufficiency of the evidence [arguments] . . . w[ere] considered and rejected on direct appeal"). Because § 2255 does not allow the relief which Defendant seeks, the Court concurs with Magistrate Judge Merz's Recommendations and adopts the same.

    **B.**    **Ground #1: Prosecutorial Misconduct**

Defendant relies upon allegedly false statements rendered by the undersigned during the delivery of the verdict. Doc. #132, PageID#3988. As he clarifies in his Traverse, although he originally suggested there were false

7

statements by the Government, he contends that he focuses on statements by the undersigned induced by the government's allegedly improper "theatrical persuasion." Doc. #170, PageID#4216. Magistrate Judge Merz determined that Defendant's contentions neither satisfied the correct standard nor were available for review under § 2255. Doc. #171, PageID##4280-81.

Defendant filed multiple objections, alleging that he has shown prosecutorial misconduct because the undersigned relied upon testimony that Defendant believes was incorrectly construed and proves that he did not attempt to provide material support to ISIS. Doc. #172, PageID#4291-93. Upon recommittal, Magistrate Judge Merz adhered to his conclusions that Defendant did not identify a false statement issued by a prosecutor and recapitulated his failed arguments on appeal. Doc. #174, PageID##4304-07. Likewise, Defendant introduced an affidavit -- purportedly from Raid -- with his Motion to Vacate to prove that there was prosecutorial misconduct, but Magistrate Judge Merz declined to consider it as inadmissible hearsay. *Id.*, PageID##4305-06.

The statements Defendant identifies fail to meet the applicable standard. To prevail on a claim of prosecutorial misconduct in this context, Defendant "must show (1) the statement was actually false; (2) the statement was material; and (3) the prosecution knew it was false." *United States v. Lochmondy*, 890 F.2d 817, 822 (6th Cir. 1989) (citing *United States v. Dell*, 805 F.2d 637, 641 (6th Cir. 1986)). First, his contention that it is demonstrably false that there is evidence suggesting that he and Raid pledged to join ISIS together is without merit, because

8

it represents a disguised sufficiency of the evidence challenge rejected by the Sixth Circuit. *See Alebbini*, 979 F.3d at 544–46; *Wright*, 182 F.3d at 467. Second, he does not identify a purportedly false statement from the Government. Therefore, the Court agrees with this reason identified and analyzed thoroughly by Magistrate Judge Merz. Doc. #174, PageID##4304–07.

The same proves true for Defendant's subsequent argument, accusing the prosecution of surprising him for phrasing his intent to join ISIS as "allegiance" without providing advance notice. Doc. #132, PageID#3991. Magistrate Judge Merz recognized that this was insufficient to state a constitutional violation and precluded based upon Defendant's failure to contemporaneously object or raise the issue upon appeal. Doc. #172. The Court agrees with both justifications and emphasizes that Defendant has procedurally defaulted for failing to object, and his mere allegation of prosecutorial misconduct does not show cause under the pertinent standard. *See Poulsen v. United States*, 717 F. App'x 509, 517 (6th Cir. 2017). Accordingly, Magistrate Judge Merz's Recommendations are adopted.

### 1. *Relevant Objections*

*Objection I:* Defendant's first Objection to Magistrate Judge Merz's Supplemental Report and Recommendations on this Ground contains four subparts. First, Defendant objects to how Magistrate Judge Merz styled his request as a "Request for a New Trial." However, said Objection lacks merit because he explicitly asked for a new trial in his filings. *See* Doc. #172, PageID#4290.

9

He next argues that Magistrate Judge Merz improperly relied on *res judicata* as a justification for rejecting his Motion. Doc. #175, PageID#4314. Notwithstanding whether *res judicata* is available in a § 2255 proceeding, the Court agrees with Magistrate Judge Merz's Recommendations. He used "*res judicata*" as a shorthand to refer to two independent bars to § 2255 movants: (1) the bar on relitigating issues, *see Wright*, 182 F.3d at 467; and (2) procedural default, *see Bousley*, 523 U.S. at 621. Defendant, throughout his filings, seeks to relitigate matters which have been decided by the Sixth Circuit or raise novel theories never entered into the record in this Court or on appeal. This subpart of his Objection shall also be overruled.

In his final two subparts, Defendant contends that because the Government did not argue that the affidavit is inadmissible, this invalidates Magistrate Judge Merz's reasoning. Doc. #175, PageID##4314–15. This argument does not resolve the legal deficiencies that the affidavit contains. The affidavit consists of statements from Raid -- submitted in March of 2021, after the trial had concluded -- and is offered to prove that Raid never agreed to join ISIS. Doc. #132-1, PageID#4010. Defendant offers it to prove the truth of its contents, so it is inadmissible hearsay, upon which no exception applies. *See, e.g.*, *Arredondo v. United States*, 178 F.3d 778, 782–83 (6th Cir. 1999). Moreover, this affidavit would not undermine the significant evidence upon which the Court relied in rendering its verdict. *See* Doc. #112, PageID##2463–64. Therefore, Defendant's Objection is overruled.

10

*Objections II, III, & IV:* Defendant's second, third, and fourth Objections reiterate arguments previously raised and rejected by Magistrate Judge Merz, *see* Doc. #175, PageID##4315–17, but a defendant's "restatement of his or her arguments does not constitute a proper objection." *Hartman v. Ohio Adult Parole Auth.*, No. 3:19-cv-003, 2023 WL 2746209, at *10 (S.D. Ohio Mar. 31, 2023) (Rice, J.). As such, the Court declines to elaborate further beyond Magistrate Judge Merz's well-reasoned analysis on these issues. *See* Doc. #171, 174.

*Objection V:* Defendant's fifth Objection merely requests an evidentiary hearing for the reasons he has previously argued. An evidentiary "hearing is not necessary . . . when a petitioner's claims 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or [are] conclusions rather than statements of fact.'" *Ray*, 721 F.3d at 761 (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). Defendant's prior Objections deserve to be overruled because the record contradicts them, *see* Doc. #112, PageID##2463–64, and he simply concludes that the evidence of record was insufficient to justify his convictions. *See, e.g.*, *Marcusse v. United States*, 785 F. Supp. 2d 654, 677 (W.D. Mich. 2011). This Objection, and request for an evidentiary hearing, are also overruled.

## C. Ground #2: Ineffective Assistance of Counsel

Defendant raises four separate instances of what he argues was ineffective assistance of counsel. Doc. #132, PageID##3991–4003. He argues that his attorney: (1) made a strategic error at trial by not offering evidence that could have

11

been construed to suggest that Defendant considered joining other potential resistance groups fighting in Syria; (2) improperly objected to testimony, which was sustained, because it may have suggested that Defendant intended to join resistance groups other than ISIS; (3) failed to present a transcript of a phone call that allegedly would have shown that his purchase of an airline ticket to travel to the Middle East was not a substantial step for his attempt conviction; and (4) refused to file Defendant's *pro se* post-trial motions. *Id.*

Magistrate Judge Merz rejected each of Defendant's contentions. Doc. #171, PageID##4285–87. Recognizing that strategic decisions almost never constitute ineffective assistance, Magistrate Judge Merz recommended that this Ground be overruled. *Id.*, PageID#4285. Next, Magistrate Judge Merz noted that testimony sought for a third-party to testify about what Defendant was thinking was hearsay (not to mention objectionable for lack of a foundation). *Id.*, PageID#4286. Coupled with the lack of prejudice, Magistrate Judge Merz rejected this argument. *Id.* Turning to the transcript, Magistrate Judge Merz noted that Defendant admitted that his attorney did not have access to the transcript during or before trial; thus, this did not establish ineffective assistance of trial counsel. *Id.*, PageID##4286–87. Finally, Magistrate Judge Merz found that Defendant did not sufficiently identify what motions he wanted to assert after trial. *Id.*, PageID#4287.

Defendant objected, Doc. #172, and, upon recommittal, Magistrate Judge Merz adhered, in pertinent part, to his conclusions as elaborated within his Initial Report and Recommendations. Doc. #174.

A defendant must bring claims of ineffective assistance of counsel in a § 2255 proceeding, rather than direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504–06 (2003); *Hughes v. United States*, 258 F.3d 453, 457 n.2 (6th Cir. 2001). The standard for ineffective assistance is set forth in *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction of death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . results from a breakdown in the adversary process that renders the result unreliable.

466 U.S. 668, 687 (1984). "Specifically, to prevail on an ineffective-assistance claim, defendants must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012) (internal quotation marks and citations omitted). "The likelihood of a

13

different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 111–12 (2011) (citing *Strickland*, 466 U.S. at 693).

Upon *de novo* review, the Court agrees with Magistrate Judge Merz that Ground #2 should be overruled. To begin, counsel's strategic decisions during trial "are particularly difficult to attack, and a defendant's challenge to such decisions must overcome a presumption that the challenged action might be considered sound trial strategy." *Hurley v. United States*, 10 F. App'x 257, 260 (6th Cir. 2010); *see also England v. United States*, No. 2:19-CV-151, 2022 WL 4785411, at *3–4 (E.D. Tenn. Sept. 30, 2022) (collecting cases). Defendant has not shown how presenting evidence that he possibly intended to join other groups fighting in Syria would have changed the result in the trial, beyond his own belief about the sufficiency of the evidence produced therein, and the record documents several instances demonstrating his intent to attempt to provide material support to ISIS. *See* Doc. #108, PageID#2144–45; Doc. #118-6, PageID##3281–82; Doc. #119, PageID# 3593, 3610, 3628. Further still, the record reveals that counsel introduced evidence and arguments designed to cast a reasonable doubt as to Defendant's intent to join ISIS by referencing other groups he could have joined in Syria, and, thus, Defendant's claim for relief is contradicted by the record. *See* Doc. #111, PageID#2402, 2417. The Court further determines that Defendant's arguments about the transcript do not demonstrate prejudice, because the record shows that this transcript was admitted, and read into the record, at trial. *See* Doc. #108, PageID#2117–18.

14

Turning to the last argument, the Court denied Defendant's *pro se* post-trial motions. Doc. ##83, 88, 91, 114, 115. Even so, they attempted to relitigate matters conclusively decided during the trial or sentencing proceedings, so his attorney was not ineffective for failing to file them. *See, e.g.*, *Goff v. Bagley*, 601 F.3d 445, 469 (6th Cir. 2010). Nevertheless, Defendant appears to suggest that there are additional motions that would have altered the ruling, but if so, he never filed them. Thus, that argument is procedurally defaulted. *Bousley*, 523 U.S. at 621. In sum, for the reasons stated within the Reports and Recommendations, as well as the reasons heretofore described, the Court shall adopt the Reports and Recommendations on this point.

### 1. *Relevant Objections*

*Objection VI*: Magistrate Judge Merz noted, in the Supplemental Report and Recommendations, that Defendant's grievance with counsel's decision to focus on whether Defendant intended to pledge himself to ISIS took issue only with the fact "that it did not work." Doc. #174, PageID#4307. Defendant responds with interspersed quotations to caselaw and alleges that counsel did not "clear the false evidence" that underlies the verdict. Doc.#175, PageID#4317. His response does not overcome the "presumption that the challenged action might be considered sound trial strategy[,]" thus the Court finds that he has not satisfied his burden. *Hurley*, 10 F. App'x at 260. Focusing on Defendant's desire to go to Syria and engage with other organizations, including ISIS, would do little to dissipate his intent to join ISIS, so "[i]t is understandable that [Defendant's] attorney would not

15

want this point emphasized for the" Court. *United States v. Mynt*, No. 09-cr-20200, 2015 WL 5697590, at *3 (E.D. Mich. Sept. 29, 2015). The Court finds that this Objection lacks merit, and it is therefore overruled.

*Objection VII & VIII:* Defendant's seventh and eighth Objections reiterate arguments previously raised and rejected by Magistrate Judge Merz. Accordingly, they are overruled. Doc. #175, PageID##4318–20; *see Hartman*, 2023 WL 2746209, at *10. The Court declines to analyze further, in the wake of Magistrate Judge Merz's well-reasoned analysis on these points. *See* Doc. ##171, 174.

### D. Ground #3: Judicial Misconduct

Defendant alleges judicial misconduct permeated his trial and deprived him of his constitutional right to a fair trial because: (1) the Court granted the Government's motion under the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III § 4, to submit classified information without affording Defendant access, Doc. #132, PageID#4003; Doc. #28; (2) the undersigned refused to consider his *pro se* motions, Doc. #132, PageID#4003; and (3) the undersigned disagreed with Defendant's interpretation of the evidence. *Id.*, PageID##4003–06. Magistrate Judge Merz disagreed, noting that (1) a federal judge may follow CIPA procedures because they are constitutional; (2) Defendant could not submit *pro se* motions while relying upon counsel appointed for him; and (3) Defendant's third argument represents an attempt to retry the case. Doc. #171, PageID##4288–89.

Defendant did not file Objections to this portion of the Initial Report and Recommendations, thereby waiving his right to appeal. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). Moreover, there is evidence that the Court reviewed at least one of the Defendant's motions for a new trial and found the arguments set forth therein non-persuasive. *See* Doc. #88. Accordingly, the Court shall adopt this portion for the reasons stated therein.

### E. Remaining Objections to the Supplemental Report and Recommendations

*Objection IX*: Defendant objects to the Supplemental Report and Recommendations in its "entirety[,]" citing his previous arguments for relief and alleging that Magistrate Judge Merz is biased because he agreed with the Government's arguments. Doc. #175, PageID#4320. Nevertheless, his "general objection to the entirety of the magistrate's report has the same effects as would a failure to object[,]" *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991), and "[a] party cannot establish bias simply because [he or she] is unhappy with a [Magistrate J]udge's rulings." *Taylor Acquisitions, LLC v. City of Taylor*, 313 F. App'x 826, 838 (6th Cir. 2009). It, therefore, is overruled.

*Objection X*: Lastly, Defendant objects to Magistrate Judge Merz's Recommendations that Defendant's motion be denied and not granted a certificate of appealability or *in forma pauperis* status upon review. Doc. #175, PageID##4320–21. In his view, he raises sufficient grounds for relief, an evidentiary hearing, *in forma pauperis* status, and a certificate of appealability. *Id.* For the reasons stated, the Court disagrees. 18 U.S.C. § 2253(c) "permits the

17

issuance of a [certificate of appealability] only where a petitioner has made a substantial showing of the denial of a constitutional right[,]" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted), while 28 U.S.C. § 753(f) affords *in forma pauperis* status to a § 2255 movant only "if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous[,]" meaning that it possesses merit. *See Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 944 (6th Cir. 2013). Defendant's Motion and Objections display his desire to retry this case, and said filings run afoul of several legal doctrines that preclude such relief to movants under § 2255. As such, he has satisfied neither standard. Accordingly, the Court overrules this final Objection.

## IV. Conclusion

For the foregoing reasons, the Court ADOPTS in their entireties the Initial and Supplemental Reports and Recommendations of the United States Magistrate Judge, Doc. #171, 174, and OVERRULES Defendant's Objections to said judicial filings. Doc. #172, 175. Defendant's Motion is DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with the Court's conclusion, and Defendant has not made a showing of a substantial denial of a constitutional right, he is denied a certificate of appealability. As any appeal would be objectively frivolous, Defendant shall not be granted leave to appeal *in forma pauperis*.

Case No. 3:21-cv-259 is hereby terminated, and Case No. 3:17-cr-71 remains terminated, upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: September 26, 2023

*[signature]*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE